UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAWAZ B. AL-MOHAMAD,

Plaintiff,

v.

PETER E. KAY, et al.,

Defendants.

Case No. C26-1069-SKV

SECOND ORDER RE: PENDING MOTIONS

Plaintiff has multiple motions pending in this case, including a Motion to Compel, Dkt. 39, two Motions for Clarification, Dkts. 40-41, a Motion Regarding Denial of ADA Accommodations, Dkt. 42, and a Motion Regarding Tort Claim Notice, Dkt. 43. Plaintiff also filed various "Notices" on the docket. *See, e.g.*, Dkts. 51-52. The Court, having considered the motions, any responses, and the remainder of the record, herein finds and concludes as follows:

(1) Plaintiff's Motion to Compel the Attorney General to Produce Any Evidence Supporting His Claim of Improper Delivery addresses service-related issues in a state court matter. Dkt. 39. Specifically, Plaintiff discusses his submission of a complaint to the Washington State Attorney General's Office (hereinafter "AG") in March 2025 and the AG's April 2025 motion to dismiss asserting the improper delivery of that complaint. *See id*. Plaintiff

seeks, as relief, an order from this Court compelling the AG to produce evidence supporting its claim of improper delivery and to confirm in writing if no such evidence exists. *Id.* at 3.

Plaintiff's motion to compel is not properly before the Court. Plaintiff initiated his lawsuit in this Court on March 24, 2026. Dkt. 1. He names as Defendants Assistant Attorney General (AAG) Peter Kay, AAG Sharia Yancy, and paralegal Elizabeth Gillett, in both their official and individual capacities, and raises claims relating to prior administrative and state court matters. *See* Dkt. 6. In the current motion, he seeks to obtain evidence relating to those administrative and state court matters. *See* Dkt. 39. Contrary to Plaintiff's assertion in his reply, *see* Dkt. 48 at 1-2,[1] the motion before the Court seeks to compel the production of discovery. *See generally* Fed. R. Civ. P. 33 (Interrogatories), 34 (Producing Documents, Electronically Stored Information, and Tangible Things, or Entering Onto Land, for Inspection and Other Purposes), 36 (Requests for Admissions) & 37 (Failure to Make Disclosures or to Cooperate in Discovery/Sanctions).

Pursuant to Rule 37, a party may move to compel discovery if, among other things, "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). A party "cannot successfully move for an order compelling documents or responses to interrogatories when he did not first seek this information through an authorized method of discovery." *Manago v. McMahon*, No. C21-1370, 2022 WL 17363067, at *3 (C.D. Cal. Aug. 15, 2022). Parties are also required to make a good faith effort to resolve discovery disputes between themselves before seeking court intervention, and a motion to compel must

---

[1] Plaintiff also inaccurately asserts that Defendants failed to properly serve him with their response to his motion. *See* Dkt. 8 (notice of Plaintiff's registration to electronically file and receive electronic service in this case); https://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProcedures.pdf ("Whenever a document is filed and served electronically in accordance with these procedures, CM/ECF will generate an email NEF to any case participant who is an e-service recipient.").

include a certification attesting to that effort. *See* Fed. R. Civ. P. 37(a)(1). Pursuant to this Court's rules, the "certification must list the date, manner, and participants" to the conference in which the discovery dispute was addressed, and "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." Local Civil Rule (LCR) 37(a)(1).

Defendants assert that Plaintiff has not requested any of the materials or information sought in his motion through discovery, and that he did not provide any notice prior to filing the motion to compel. Dkt. 44 at 2. Plaintiff does not refute these assertions. *See* Dkt. 48. While he points to unsuccessful attempts to communicate with AG "staff", any such attempts would not satisfy the requirements to properly request discovery from and confer with Defendants. Nor has Plaintiff provided certification that he, in good faith, conferred or attempted to confer with Defendants to resolve this dispute before filing his motion. *See* Dkts. 39 & 48.

The Court, on two prior occasions, denied as premature motions to compel filed by Plaintiff due to the same deficiencies identified above. *See* Dkts. 31 & 38. The Court observed that, although proceeding pro se, Plaintiff "'is expected to abide by the rules of the court in which he litigates,' including the rules of discovery." *Manago*, 2022 WL 17363067, at *3 (quoting *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)). As before, it appears that Plaintiff did not serve Defendants with requests for production in compliance with Rule 34 or with any other discovery request, that Defendants have not had the opportunity to respond to and raise objections to any such discovery requests, and that the parties have not had the opportunity to properly confer to resolve any discovery dispute without court intervention pursuant to Rule 37(a)(1). Plaintiff's motion to compel, Dkt. 39, is therefore

DENIED as premature. The Court again advises Plaintiff that all of the above-described steps are necessary before filing a motion to compel.

(2) The two "Motions for Clarification" also address service-related issues in the state court matter. *See* Dkts. 40 & 41. One motion requests clarification from the Court as to whether the objection to service raised by the AG prior to filing a motion to dismiss "has any legal relevance given the undisputed record of actual receipt" under Federal Rule of Civil Procedure 4(j)(2), whether the AG's twenty five-day delay in filing the motion to dismiss constitutes waiver under Rule 12(h)(1), and whether "the alleged 'service delivery' issue has any bearing on the pending Motion to Dismiss or the merits of Plaintiff's Complaint." Dkt. 40 at 1-4. The other, although filed as a motion, appears to consist of one or more documents Plaintiff submitted to King County Superior Court. Dkt. 41.

The Court construes Plaintiff's motions as seeking legal advice regarding his claims against Defendants. The Court cannot give legal advice to pro se parties, except to recommend they seek the advice of a trained attorney. As found by the United States Supreme Court, judges presiding over cases in district court "have no obligation to act as counsel or paralegal to pro se litigants," because requiring judges to explain the details of federal procedure or act as a pro se litigant's counsel "would undermine [their] role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (emphasis removed); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (noting that advising pro se litigants would make the court "a player in the adversary process rather than remaining its referee"); *Stockton v. Billings*, No. C10-0586, 2010 WL 1949204, *2, n.1 (E.D. Cal. May 13, 2010) ("[T]he Court cannot provide legal advice to litigants, even when they are pro se litigants who lack legal training or understanding.").

The Court, as such, DENIES Plaintiff's Motions for Clarification. Dkts. 40-41. The Court recommends Plaintiff seek the advice of a trained attorney and review the Pro Se Guide available through the "Representing Yourself" tab on the Court's website, found at https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf, and previously sent to Plaintiff by Order dated July 20, 2026, *see* Dkt. 38.

(3) Plaintiff's Motion Regarding Denial of ADA Accommodations, Dkt. 42, and Motion Regarding Tort Claim Notice, Dkt. 43, similarly address and request relief associated with service-related issues. In the first motion, Plaintiff asks that the Court recognize the denial of ADA accommodations and order acceptance of "Certified Mail, electronic delivery, or any accessible method for Plaintiff's filings and service[,]" extend deadlines affected by denial of service, and review his request for ADA accommodation as related to his inability to provide in-person service or delivery of documents. Dkt. 42 at 3. In the second motion, Plaintiff asks that the Court recognize that he properly submitted his tort claim to the AG and reasonably relied on instructions provided, find that the AG had actual notice of his filing and hold any objections as to the method of delivery waived, and reject any defense of the AG given his reasonable reliance on instructions and the AG's actions demonstrating acceptance of the claim. Dkt. 43 at 2. Plaintiff also, in replies submitted in support of these motions, denies that he requests any action or accommodation in relation to a state court matter, and asserts that he only seeks relief in this case. *See* Dkts. 46 & 50 (asserting, in relation to the second motion, that he asks only that the Court find good cause for any delay in service under Fed. R. Civ. P. 4(m)).

To the extent the motions are reasonably construed as seeking relief in relation to a state court matter, Plaintiff does not provide and the Court does not find any basis for ordering the relief requested. Nor does Plaintiff provide any basis for relief in this Court. First, as discussed

in two prior Court Orders, there are no outstanding issues as to service of the Complaint on Defendants in this case. *See* Dkts. 19-22 (reflecting that Plaintiff perfected service on Defendants in their official capacities on May 8, 2026, and that Defendants waived service in their individual capacities on June 18, 2026); Dkt. 31 at 2-3 (finding Plaintiff's motion for court-ordered service and additional time for service moot given that Defendants had waived service); Dkt. 38 at 3-4 (noting prior order and the waivers of service of summons, and advising Plaintiff that no further steps were necessary to complete service in this case). Second, Plaintiff is registered to electronically file and receive electronic service in this case, Dkt. 8, and may therefore continue to serve any documents filed in this matter through electronic filing. *See* https://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProcedures.pdf ("Whenever a document is filed and served electronically in accordance with these procedures, CM/ECF will generate an email NEF to any case participant who is an e-service recipient."). For these reasons, Plaintiff's Motion Regarding Denial of ADA Accommodations, Dkt. 42, and his Motion Regarding Tort Claim Notice, Dkt. 43, are DENIED.

(4) The Court, finally, directs Plaintiff to carefully review this and prior Court Orders before filing any additional motions, and to refrain from filing "Notices" without a proper basis for doing so. **Plaintiff is advised that any future motions or filings containing deficiencies similar to those addressed herein may be stricken from the docket as improperly filed.**

(5) The Clerk is directed to send copies of this Order to the parties.

Dated this 8th day of September, 2026.

S. KATE VAUGHAN
United States Magistrate Judge